No. 43,139

STATE OF KANSAS, *Appellee,* v. JACK I. SPAIN, *Appellant.*

(391 P. 2d 1001)

Opinion filed May 9, 1964.

Appellant was on the briefs *pro se.*

*Robert D. Nelson,* of Topeka, argued the cause and was on the briefs for appellant.

*Robert M. Brown,* County Attorney, of Topeka, argued the cause, and *William M. Ferguson,* Attorney General, and *Sherman A. Parks,* Assistant County Attorney, of Topeka, were with him on the briefs for appellee.

2

The opinion of the court was delivered by

Fatzer, J.: The defendant, Jack I. Spain, was charged with the crimes of burglary in the second degree and larceny as those offenses are defined in G. S. 1961 Supp., 21-520 and G. S. 1949, 21-524. Following the waiving of arraignment and the entry of a plea of guilty by his attorney to both offenses, the defendant was sentenced to confinement in the Kansas State Penitentiary until discharged according to law. (G. S. 1961 Supp., 21-520 and G. S. 1949, 21-524.)

On June 28, 1961, an information was filed in the district court charging that on the ____ day of June, 1961, the defendant, along with one Judith Elaine May and Carl G. Johnson, unlawfully, forcibly and feloniously broke open and entered in the nighttime a certain one-story frame building located on East Fourth Street, in Topeka, Shawnee County, owned by Devlin Market and operated as a grocery story by the owner, by prying the back door open, and took and carried away four canned hams and 45 cartons of assorted brands of cigarettes.

On June 30, 1961, the defendant was brought before the district court, and being without counsel, the following proceedings were had:

"The Court: Do you have any money to hire a lawyer?

"Mr. Spain: No, sir.

"The Court: Do you want me to appoint one for you?

"Mr. Spain: Yes.

"The Court: Who do you want to have appointed for you?

"Mr. Spain: Doesn't make any difference to me.

"The Court: Who represented you in the Court of Topeka?

"Mr. Spain: Same man as represented Johnson.

"The Court: Hall Smith?

"Mr. Brown: Hall Smith.

"The Court: Would it be all right if I appointed Mr. Smith to represent you?

"Mr. Spain: Yes, sir.

"The Court: All right, I will appoint him."

Through the assistance of his counsel, and on July 10, 1961, the defendant secured a surety bond for his appearance, and he was released from custody. During the time the defendant was free on bond, he obtained employment and paid Mr. Hall Smith $95 to represent him.

On August 30, 1961, counsel for the defendant filed a motion with the district court asking for a severance and a separate trial.

On November 10, 1961, the defendant's case came on for hearing before the district court. The state appeared by the county attorney and the defendants Spain and Johnson appeared in person and with their attorney, Mr. Hall Smith, and the following proceedings were had:

"THE COURT: This is the case of State of Kansas versus Jack Spain and Carl G. Johnson, No. 22779.

"MR. SMITH: All right, Mr. Johnson, come up here. Your Honor appointed me to represent both these defendants some time ago. Mr. Johnson has been in jail most of the time. Mr. Spain has been out on bond. I do want to advise the Court that Mr. Spain paid me $90, so I am not entitled to anything from Your Honor. Mr. Johnson hasn't paid anything so I am ready to dispose of the cases. I guess he paid me $95 instead of $90.

"THE COURT: You are Jack Spain?

"MR. SPAIN: Yes, sir.

"THE COURT: And you are Carl G. Johnson?

"MR. JOHNSON: Yes.

"THE COURT: Do the defendants desire to be formally arraigned?

"MR. SMITH: Your Honor, they know what they are charged with here, don't you, boys?

"MR. SPAIN: Yes.

"MR. JOHNSON: Yes.

"MR. SMITH: We will waive formal arraignment and enter a plea of guilty as charged.

"THE COURT: The charge is burglary in the second degree and larceny.

"MR. SMITH: That is correct.

"MR. BROWN: You are appointed on Johnson?

"MR. SMITH: I was appointed on both of them, but Mr. Spain paid me $95. He's been out working and paid me a little money.

"THE COURT: All right, Mr. Brown, tell me about the case and what your recommendation is.

"MR. BROWN: Well, in this particular case, Your Honor, in June of 1961, this year, this man and Johnson and a girl named Judy Elaine May, who is now in the Women's Farm at Lansing, broke in a market, the Devlin Market, at 312 East 4th here in the city, prying open the back door. While therein they took four canned hams and 45 cartons of assorted brand cigarettes. Now as to the defendant Jack Spain—That is Jack I. Spain, isn't it?

"MR. SMITH: Yes. These men are not applying here for parole for the reason of their past record, and I have an understanding with Mr. Brown that he wouldn't double or ask the habitual on them.

"MR. BROWN: That's right, I am not doubling—

"THE COURT: (Interrupting) I take it these men do have some prior record?

"MR. BROWN: I thought Your Honor was considering probation, and that is the reason I went into the record. I am not asking for a double, Mr. Smith.

"THE COURT: How old are you, Mr. Spain?

"MR. SPAIN: Thirty.

"THE COURT: And Mr. Johnson?

"MR. JOHNSON: Forty-six.

"THE COURT: Any reason why the Court should not now pronounce sentence upon these defendants?

"MR. SMITH: No legal reason, Your Honor.

"MR. BROWN: The State has none.

"THE COURT: It is the judgment of the Court that each of the defendants be sentenced to confinement at hard labor in the Kansas State Penitentiary at Lansing, Kansas, for the crimes of burglary in the second degree and larceny as charged in the Information until discharged according to law."

Thereafter the defendant duly perfected his appeal to this court *pro se,* and filed an application with the district court pursuant to Prefatory Rule No. 1 (*f*) (192 Kan. II), requesting the appointment of counsel to represent him on appeal. The district court appointed Mr. Robert D. Nelson, a qualified and experienced member of the Bar of Shawnee County. Mr. Nelson filed a brief fully treating the defendant's contention and made oral argument in support of the appeal when the case was heard on the merits.

The defendant contends that the plea of guilty entered on his behalf by Mr. Smith was not his voluntary plea and that the act of his counsel may not be imputed to him. He asserts that, prior to the day he appeared in the district court and the plea of guilty was entered, he had not been advised of nor consulted with by his attorney as to what proceedings were to be had in the district court, and that he was lead to believe and was under the impression he would be given a trial and would be allowed to tell the jury his side of the story. The record is silent of any facts to support the assertion except the motion for severance and for a separate trial. Likewise,. the record is silent of any testimony by the defendant that the plea of guilty entered by his counsel was not his plea, nor does it show that he made any motion to the court imposing sentence following the plea of guilty to have the plea withdrawn or set aside on the ground that it was not his voluntary act.

While there is a conflict in the authorities on the question whether a plea of guilty may be made by counsel for the accused or must be made by the accused himself, it has been held that a plea of guilty entered by counsel has the same force and effect as a plea personally entered by the accused, where, as here, the accused is present in court when counsel enters the plea and the circumstances are such

as to show clearly that the accused understands what is being done and acquiesces therein. (*United States v. Denniston,* 89 F. 2d 696, 110 A. L. R. 1296; *Merritt v. Hunter,* 170 F. 2d 739; *In re Morelli's Petition,* 148 N. E. 2d 96; *People v. Niendorf,* 197 C. A. 2d 594, 17 Cal. Rptr. 467; *United States v. Bentvena,* 193 F. Supp. 485; *Padillo v. State,* 159 Texas Cr. Rep. 435, 264 S. W. 2d 715; 22 C. J. S. Criminal Law, § 422 [5], p. 1173.) This is the prevailing rule in this state. (*Miller v. Hudspeth,* 164 Kan. 688, Syl. ¶ 14, 192 P. 2d 147.) In *Johnson v. Crouse,* 191 Kan. 694, 383 P. 2d 978, it was said:

". . . since there is no evidence of bad faith, petitioner must be held to be bound by the acts of his attorney when the acts were performed in his presence and without his objection. This has long been the rule with respect to retained counsel (*Miller v. Hudspeth,* supra. Syl. ¶ 14), and the administration of criminal justice dictates a similar rule where counsel is court appointed." (l. c. 699.)

While the defendant makes the specific claim that his attorney did not fully explain the significance of a plea of guilty or fully inform him as to the offenses with which he was charged and that he thought he would be given a trial so that he could tell his side of the story to a jury, we find nothing in the record to support the claim. When proceedings were had to appoint counsel for the defendant, the court inquired if he had any preference, to which he replied "No." The court then appointed an attorney who was already familiar with his case, having represented him at his preliminary hearing in the court of Topeka. Following the appointment of counsel, bond was secured and the defendant was released from custody. He secured employment and retained his court-appointed counsel and paid him $95 to represent him. Approximately three and a half months elapsed between the appointment and retention of counsel, the defendant's release from custody, and the arraignment and plea of guilty. When the court inquired of the defendant whether there was any legal reason why judgment and sentence should not be pronounced, he remained silent.

The record does not so indicate, but it is evident to us that because of Mr. Smith's adequate and diligent representation of the defendant, the county attorney agreed not to "double" or ask that the "habitual" criminal statute be applied when sentence was imposed. Moreover, Mr. Smith has been a member of the Bar of this court for many years and he possesses unquestioned legal ability and integrity and is one of the most capable criminal lawyers of the Topeka Bar. There is absolutely nothing in the record to support

the claim of inadequate or incompetent representation by his counsel other than the defendant's uncorroborated statement, and it is well settled in this jurisdiction that the burden is not sustained by his uncorroborated and unsupported statement. (*State v. Crowe,* 190 Kan. 658, 378 P. 2d 89; *McGee v. Crouse,* 190 Kan. 615, 376 P. 2d 792.)

We have examined, not overlooked, the authorities cited by the defendant that a plea confessing himself to be guilty of crime should not be entered except with the express consent of the defendant, given by him personally, in direct terms, in open court. (*People v. McCrory,* 41 Cal. 458; *In re Brain,* 70 C. A. 334, 233 Pac. 390; *People v. Monaghan,* 102 Cal. 229, 36 Pac. 511; *In re Breen,* 162 C. A. 2d 235, 328 P. 2d 465.)

Those cases have no application to the case at bar for the reason that the state of California has a specific statute (Pen. Code, § 1018) requiring that a plea of guilty can only be made by the defendant himself in open court. Although Kansas has no such statute, we think the better practice would dictate that a district judge, in accepting pleas of guilty in felony cases, should require the defendant to personally enter his plea of guilty or to orally affirm that plea if made by his counsel. Be that as it may, we cannot say that where the accused is personally in court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, the plea of guilty is void requiring it to be set aside.

The judgment is affirmed.