No. 43,977

THE STATE OF KANSAS, *Appellee*, v. MELVIN LEE BURNETT, *Appellant*.

(397 P. 2d 346)

Opinion filed December 12, 1964.

*W. C. Jones* of Olathe, argued the cause and was on the brief for the appellant.

*Howard Hudson*, Special Prosecutor, of Fort Scott, argued the cause, and *William M. Ferguson*, Attorney General, and *Charles M. Warren*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by defendant, Melvin Lee Burnett, from a conviction of the offenses of kidnapping in the first degree (G. S. 1961 Supp., 21-449) and forcible rape (G. S. 1949, 21-424).

As a result of events occurring on the night of August 20, 1962, six men were charged in the district court of Bourbon county with the offenses of kidnapping in the first degree and forcible rape. Among them were Gerald Lee Woods, Allan Davis, and this defendant, Burnett. Woods was the first to be tried and was found guilty by a jury on both charges. Upon appeal to this court the judgment was affirmed in *State v. Woods*, 191 Kan. 433, 381 P. 2d 533. Our opinion was filed on May 11, 1963. On February 17, 1964, the Supreme Court of the United States denied his petition

for a writ of certiorari (376 U. S. 919, 11 L. ed 2d 615, 84 S. Ct. 676).

A brief narration of the horrible details of the case is contained in the opinion in the Woods appeal. They will not be repeated here.

It also appears that Davis has been tried and convicted.

In the meantime the defendant in the instant case, Burnett, hereafter referred to as defendant, had been confined in the county jail awaiting trial.

On November 6, 1963, the matter came on for hearing. Defendant was present in the court in person and by Chester I. Lewis of Wichita, his employed attorney. Whereupon, in open court, the following written stipulation was entered into:

"STIPULATION

"Now on this 6th day of November, 1963, the same being a regular judicial day of the September, 1963, term of this court, the above entitled matter comes on for trial upon the charges alleged in the Information of First degree kidnapping and forcible rape. The State of Kansas appears by Charles M. Warren, County Attorney, and Howard Hudson, Special Prosecutor. The defendant appears in person and by his attorney, Chester I. Lewis.

"Thereupon, the defendant in open court pleads not guilty to the charge of forcible rape and not guilty to the charge of first degree kidnapping. Thereupon, the parties in open court stipulate and agree that a trial by jury shall be waived upon trial of the charge of forcible rape and the charge of first degree kidnapping and that said matter shall be submitted to the court.

"It is further stipulated and agreed that heretofore companion cases arising out of the alleged incidents were tried in the above named court before a jury, to wit: The State of Kansas, plaintiff, versus Gerald Lee Woods, defendant, # 4134, and the State of Kansas, plaintiff versus Allan Davis, defendant, # 4133.

"It is further stipulated and agreed that all of the evidence of all of the witnesses for the parties as presented in the trial of said two cases shall be considered as if the witnesses were personally present and presented such evidence subject to all objections, ruling on motions, motions, or other objections of every kind and nature presented in said trials, motions for new trials, or any other hearings had on the companion cases shall be considered by the court in the trial of this action.

"Counsel for the State and defendant further stipulate and agree that this Court which presided over the two trials aforementioned shall make its judgment in captioned case upon the evidence and law presented in the said two trials aforementioned taking into consideration all rulings on objections made.

"Counsel for the State and Counsel for defendant further stipulate and agree that it is expressly understood that the Court's rulings on all objections made and instructions presented to the jury for all practical purposes would be the same if the captioned case was tried, and that the Court is relying on

the instructions of law presented in the other two trials, noting all objections made, and rulings thereto in making its judgment and decree herein.

"It is further stipulated and agreed that if on a motion for a new trial or upon an appeal or other decision of any court, the retrial of the above entitled action shall be granted or become necessary, the defendant specifically reserves the right to trial by jury at any subsequent trial.

/s/ Charles M. Warren

Charles M. Warren
Fort Scott, Kansas
County Attorney

/s/ Howard Hudson

Howard Hudson
Fort Scott, Kansas
Special Prosecutor

/s/ Chester I. Lewis

Chester I. Lewis
Wichita, Kansas
Attorney for Defendant

APPROVED BY:

/s/ Robert H. Miller

District Judge"

The record shows that on this date Dale Kinnell and Dennis Ayers, charged with the same offenses, also were present in court in person and by counsel, and that they also had entered into identical stipulations. We are concerned, however, with only the case of defendant Burnett.

At the time the stipulation was entered into the record also shows the following:

The trial judge stated that he had carefully studied the stipulations and that on the previous day he had re-read the transcripts of the Woods and Davis trials. Defendant was asked if he had had an opportunity to read and examine the stipulation and to go over its terms with his attorney. He replied in the affirmative.

"THEREUPON, the Court read said stipulation in open court.

"THEREUPON, the Court inquired of the defendant, Melvin Burnett, if he had heard the reading of the stipulation, if said stipulation had been explained to him, and if he was in agreement in submitting his case to the court upon said stipulation. To the court's inquiry, the defendant stated that he had heard the reading of the stipulation, that said stipulation had been fully explained to him by his attorney, and that he desired to submit his case to the court upon said stipulation.

"THEREUPON, the Court after inquiring of the defendant concerning said stipulation approved said stipulation and ordered it filed and recorded."

Mr. Lewis, his attorney, stated:

"I have no further statement to make to the Court. The statements made heretofore, I think, were clear to this defendant. He was here and heard them. Therefore, the Court may proceed, as far as we are concerned."

and that the case was submitted on the record without additional evidence.

"THEREUPON, the Court, after consideration of the evidence, law and all other matters presented in the State of Kansas, plaintiff, versus Gerald Lee Woods, defendant, No. 4134, and the State of Kansas, plaintiff, versus Allan Davis, defendant, No. 4133, both cases having been heard by this Court in Bourbon County, Kansas, and the Court being fully advised in the premises finds that the said defendant, Melvin Burnett, is guilty of kidnapping in the first degree under Section 21-449, 1961 Supplement to the General Statutes of Kansas, 1949, and guilty of forcible rape under Section 21-424 of the General Statutes of Kansas, 1949, as charged in the Information filed herein."

Defendant was given until November 12, 1963, to file a motion for a new trial. On November 20, 1963, defendant was present in court in person and by counsel. His motion for a new trial was overruled. Upon being asked by the Court if he had any legal cause to show why judgment and sentence should not be pronounced, defendant answered "No."

Accordingly, on the charge of kidnapping in the first degree defendant was sentenced to confinement in the state penitentiary for life, and on the charge of forcible rape he was sentenced to confinement for a term of not less than five years nor more than twenty-one years, such sentences to run concurrently. It was further ordered that defendant be given credit on the sentences for the time he had been confined in the county jail awaiting trial.

Subsequently, defendant, *pro se* filed a notice of appeal. At defendant's request Mr. W. C. Jones, a capable and experienced attorney of Olathe was appointed by the trial court to represent defendant in his appeal. Mr. Jones filed an abstract and brief and orally argued the appeal on November 2, 1964.

Five specifications of error are asserted, the first being the order overruling defendant's motion for a new trial. This specification is, however, for all practical purposes, abandoned—defendant's contention being that he did not have a "trial" in the first instance.

The second and third specifications of error are that the trial court erred in assenting to a waiver of a jury being entered by de-

fendant when he stood charged with a capital offense punishable by death, and that the trial court erred in permitting defendant to submit his case on the records of the Woods and Davis cases, particularly after the conviction in the Woods case had already been upheld by this court.

It is contended that by waiving his right to a trial by jury defendant, among other things, "frittered away" his right to a *voir dire* examination of prospective jurors so as to ascertain their backgrounds and feelings in the matter; his right to insist that the rules of reasonable doubt, burden of proof, and the presumption of innocence, would prevail throughout the trial; that he thus was denied the opportunity to confront the witnesses, and that a jury trial would have required a verdict of all twelve of his peers. It also is contended that this court should denounce G. S. 1961 Supp., 62-1401 (quoted later herein) as being unconstitutional on the ground it is contrary to public policy. It further is argued that a jury trial cannot be waived on a plea of "not guilty" where, as here, the statute (G. S. 1961 Supp., 21-449) directs that the jury shall determine the punishment.

We believe that under the facts presented the foregoing contentions are without merit and cannot be sustained.

From 1868 until 1955 the statute (G. S. 1949, 62-1401) applicable to trial by jury in criminal cases read:

"The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court, except in cases of felonies. All other trials shall be by jury, to be selected, summoned and returned as prescribed by law."

In *State v. Scott,* 156 Kan. 11, 131 P. 2d 664 (1942), one of the jurors become ill during the trial. The defendant consented that the trial proceed with the remaining eleven jurors, and that was done. Defendant was charged with a felony but was convicted of a misdemeanor, and appealed. It was held:

"The defendant in a criminal action for felony may intelligently and affirmatively, and with the consent of the prosecuting attorney and of the trial court, waive his right to trial by a jury of twelve persons and consent to trial by a lesser number." (Syl. 1.)

In discussing the statute (62-1401, above) it was said in *State v. Ricks,* 173 Kan. 660, 250 P. 2d 773 (1952):

"The actual question now presented is not whether a defendant may waive trial by jury in a felony case or whether there may be a lawful trial in such a case if the parties agree to waive a jury and the court assents thereto. The specific and only question before us is whether a defendant's waiver of trial

by jury in a felony case compels the court to try the case alone over the objection of the state. Our answer is it does not.

"It is true a defendant in a criminal case enjoys the constitutional right or privilege of trial by jury. That is a personal right of which he may not be deprived against his will. Being a right personal to him he, of course, need not insist upon it for his own protection. In other words he may waive it insofar as he is personally concerned. It does not follow, however, that he, therefore, has a right to compel a court to try his case without the assistance of a jury. The constitution does not grant him such power over the trial court." (p. 664.)

In 1955 the legislature repealed the mentioned statute and enacted the following, which now appears as G. S. 1961 Supp., 62-1401:

"The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials shall be by jury, to be selected, summoned and returned as prescribed by law."

The language of this statute is clear, and simply means that a jury may be waived in any criminal trial, including one for felony—provided the defendant, the state, and the trial court, assent to such waiver. No exception is made for a capital case. On the question as to the validity of such statutes see the Annotation in 48 A. L. R. 767, at p. 772.

At both his preliminary examination and in the trial court, defendant was represented by his own experienced attorney. Mr. Lewis also had represented both Woods and Davis, and thus was thoroughly familiar with the records of their trials. The facts before us are such that he could have entered a binding plea of guilty for defendant (*State v. Spain*, 193 Kan. 1, 4, 5, 391 P. 2d 1001). The record clearly discloses that defendant knew and understood what he was doing—he voluntarily entered a plea of not guilty, waived a trial by jury, and consented that he be tried by the court on the record of the Woods and Davis trials. No valid reason has been presented, and we know of none, why, under the circumstances, defendant and his counsel could not proceed as they did. It is true that the kidnapping statute (G. S. 1961 Supp., 21-449) provides that if there is a jury trial the jury shall determine the punishment, and that if there is a plea of guilty the court shall fix the punishment and in doing so shall hear evidence. It also is true that G. S. 1961 Supp., 62-1401, above, is silent on the subject of determining punishment. But, construing the two statutes together, it is clear that the trial judge, in a case where the plea is "not guilty" and a jury is waived—is empowered to fix the punishment. Who else could? In passing, we mention the fact that the trial judge in

this case was the same trial judge who presided in the Woods and Davis trials—and thus was thoroughly familiar with the entire matter.

The fourth specification of error is that the trial court committed reversible error in failing to instruct in the Woods case concerning the testimony of an accomplice.

Defendant concedes—and the record shows—that no such instruction was requested in the Woods case. In view of the fact defendant submitted the case against him on the record of the Woods case— the question is not now before us for review.

In his fifth and last specification of error defendant contends that the entire proceedings in the lower court constitute an invasion of his constitutional rights and are contrary to public policy, and that this court should not place its stamp of approval upon such a "travesty of justice."

In this connection it is argued that because the trial judge re-read the transcripts of the Woods and Davis trials on the day before defendant's case came up for hearing, defendant was, in fact, tried *in absentia* in violation of G. S. 1949, 62-1411, which provides that no person can be tried for a felony unless he be personally present during the trial.

This contention likewise is without merit and cannot be sustained. Entirely aside from the fact that defendant, in open court, voluntarily stipulated to submit his case on the records of the Woods and Davis trials, it is clear that from a practical standpoint the trial judge did the only proper thing—on the day before defendant's case was to be called he re-read the records of those cases so as to refresh his memory on all details. The trial was not "held" in defendant's absence. Furthermore, defendant not only raised no objections to the entire procedure followed—he acquiesced in and agreed to it.

We find no error in the proceedings below and the judgment is affirmed.

SCHROEDER, J., dissents.