Nos. 43,976 and 44,000 (Consolidated)

STATE OF KANSAS, *Appellee*, v. DALE KINNELL, *Appellant*.

(419 P. 2d 870)

Opinion filed November 5, 1966.

*Glenn H. Louderback,* of Fort Scott, argued the cause and was on the briefs for the appellant.

*Charles M. Warren,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, Dale Kinnell, appeals from a conviction of the offenses of kidnapping in the first degree (G. S. 1961 Supp., 21-449, now K. S. A. 21-449) and forcible rape (G. S. 1949, 21-424, now K. S. A. 21-424).

The defendant, *pro se,* filed a notice of appeal on April 9, 1964, which was docketed as No. 43,976. Subsequently, and on May 19, 1964, defendant through his attorney filed a notice of appeal which was docketed as No. 44,000. The two appeals were consolidated with the consent of defendant's attorney and will be treated as one case herein.

Defendant Kinnell was one of six men charged with offenses of kidnapping in the first degree and forcible rape in the district court of Bourbon County as a result of a gruesome series of events occurring on the night of August 20, 1962. Among those charged were

Gerald Lee Woods, Allan Davis, Melvin Lee Burnett, and defendant Kinnell. Woods was tried first and convicted by a jury on both charges, his conviction was affirmed by this court in *State v. Woods,* 191 Kan. 433, 381 P. 2d 533, and a petition for a writ of certiorari was denied by the Supreme Court of the United States (376 U. S. 919, 11 L. Ed. 2d 615, 84 S. Ct. 676).

On November 6, 1963, Burnett and this defendant (Kinnell) were tried by the district court without a jury on the evidence offered in the trials of Woods and Davis. The transcripts of the Woods and Davis trials were submitted to the court under a stipulation of the parties. Burnett and Kinnell were convicted on both charges. Burnett appealed to this court and his conviction was affirmed on December 12, 1964, in *State v. Burnett,* 194 Kan. 126, 397 P. 2d 346.

Kinnell has now perfected his appeal and asks us to set aside his convictions (1) because the trial court permitted defendant to waive his rights to trial by jury and to confront witnesses without first making inquiry to ascertain whether defendant was competent to waive said rights and whether the waivers were understandingly and intelligently made, and (2) the trial court's acceptance and approval of the stipulation was an invasion of defendant's constitutional rights to a fair trial. In a supplemental abstract and brief defendant makes a third specification of error in which he claims that the record in the Woods case contained inadmissible statements that implicated and incriminated defendant.

Defendant has not included an abstract of the evidence in his abstract on appeal but adopts the abstract of record on file with this court in the case of *State v. Woods,* supra. The details of the episode from which these cases arose are narrated in the opinion in the Woods case, a repetition is unnecessary for purposes of our consideration here.

The stipulation referred to was submitted to the district court on November 6, 1963. Even though it is identical with the stipulation set out in the Burnett opinion, except as to names, signatures and a challenge of the court's jurisdiction, we think a complete reproduction is necessary here to facilitate a thorough examination of the issues raised herein.

The stipulation, entered into in open court in the presence of the defendant and his attorneys, reads as follows:

"Now on this 6th day of November, 1963, the same being a regular judicial day of the September, 1963, term of this court, the above entitled matter comes on for trial upon the charges alleged in the Information of first degree kidnapping and forcible rape. The State of Kansas appears by Charles M.

Warren, County Attorney, and Howard Hudson, Special Prosecutor. The defendant appears in person and by his attorneys, Walter B. Patterson and Frank O'Brien.

"Thereupon, the defendant in open court pleads not guilty to the charge of forcible rape and not guilty to the charge of first degree kidnapping. Thereupon, the parties in open court stipulate and agree that a trial by jury shall be waived upon trial of the charge of forcible rape and the charge of first degree kidnapping and that said matter shall be submitted to the court.

"It is further stipulated and agreed that heretofore companion cases arising out of the alleged incidents were tried in the above named court before a jury, to-wit: The State of Kansas, plaintiff, versus Gerald Lee Woods, defendant, No. 4134, and the State of Kansas, plaintiff, versus Allan Davis, defendant, No. 4133.

"It is further stipulated and agreed that all of the evidence of all of the witnesses for the parties as presented in the trial of said two cases shall be considered as if the witnesses were personally present and presented such evidence subject to all objections, ruling on motions, motions, or other objections of every kind and nature presented in said trials, motions for new trials, or any other hearings had on the companion cases shall be considered by the court in the trial of this action.

"Counsel for the State and defendant further stipulate and agree that this court which presided over the two trials aforementioned shall make its judgment in captioned case upon the evidence and law presented in the said two trials aforementioned taking into consideration all rulings on objections made.

"Counsel for the State and Counsel for defendant further stipulate and agree that it is expressly understood that the court's rulings on all objections made and instructions presented to the jury for all practical purposes would be the same if the captioned case was tried, and that the court is relying on the instructions of law presented in the other two trials, noting all objections made, and rulings thereto in making its judgment and decree herein.

"It is further stipulated and agreed that the defendant challenges the jurisdiction of this court to try this case for erroneously overruling defendant's petition for change of venue.

"It is further stipulated and agreed that if on a motion for new trial or upon an appeal or other decision of any court the retrial of the above entitled action shall be granted or become necessary, the defendant specifically reserves the right to trial by jury at any subsequent trial.

/s/ Charles M. Warren

Charles M. Warren
Fort Scott, Kansas
County Attorney

/s/ Howard Hudson

Howard Hudson
Fort Scott, Kansas
Special Prosecutor

/s/ Dale Kinnell

Dale Kinnell (Defendant)

/s/ .Walter B. Patterson
Walter B. Patterson
/s/ Frank O'Brien
Frank O'Brien
Both of Fort Scott, Kansas
Attorneys for Dale Kinnell
APPROVED BY:
/s/ Robert H. Miller
District Judge."

The transcript of proceedings before the trial court reveals that at the hearing on November 6, 1963, the defendant was present in person with his attorneys. The trial judge read the stipulation in open court and stated that he had carefully studied it and that he had reread the transcripts of the Woods and Davis trials. The trial judge then inquired of each defendant if he had examined the stipulation and gone over it with counsel. Defendant Kinnell replied in the affirmative. The court approved the stipulation and ordered it filed.

The journal entry of judgment reveals the following proceedings:

"THEREUPON, the Court, after consideration of the evidence, law and all other matters presented in the state of Kansas, plaintiff, versus Gerald Lee Woods, defendant, No. 4134, and the State of Kansas, plaintiff, versus Allan Davis, defendant, No. 4133, both cases having been heard by this Court in Bourbon County, Kansas, and the Court being fully advised in the premises finds that the said defendant, Dale Kinnell, is guilty of kidnapping in the first degree under Section 21-449, 1961 Supplement to the General Statutes of Kansas, 1949, and guilty of forcible rape under Section 21-424 of the General Statutes of Kansas, 1949, as charged in the Information filed herein.

"THEREUPON, upon the request of the defendant, he is given until November 12, 1963, to file a motion for new trial. Sentencing on Count One and Count Two of the Information is by stipulation and agreement of the parties deferred until November 20, 1963, at 1 o'clock p. m. at which time the Court will hear arguments for motion for new trial."

The motion for new trial was presented to the trial court on November 20, 1963. The journal entry reveals the following:

"THEREUPON, said motion for new trial was duly presented to the Court and the Court having heard said motion and statements of counsel and being fully advised in the premises, finds that said motion should be overruled.

"WHEREUPON, the Court caused the defendant, Dale Kinnell, to stand and inquired of the said defendant if he had any legal cause to show why the judgment and sentence of the Court should not at this time be passed upon him, at which time said defendant stated that he had none, and there appearing to the Court to be no reason why judgment and sentence of the court should not at this time be passed upon said defendant;"

The defendant was sentenced to life imprisonment on the first degree kidnapping charge and a term of five to twenty-one years on the charge of forcible rape. The sentences were ordered to run concurrently.

The first two contentions of defendant are identical with two of the questions presented to us in the Burnett appeal. They were fully discussed in the Burnett opinion and found to be without merit.

In *State v. Burnett,* supra, we pointed out the authorization for submitting a criminal trial to the court under the provisions of G. S. 1961 Supp., 62-1401, now K. S. A. 62-1401, in this connection we said:

"The language of this statute is clear, and simply means that a jury may be waived in any criminal trial, including one for felony—provided the defendant, the state, and the trial court, assent to such waiver. No exception is made for a capital case. On the question as to the validity of such statutes see the Annotation in 48 A. L. R. 767, at p. 772.

"At both his preliminary examination and in the trial court, defendant was represented by his own experienced attorney. Mr. Lewis also had represented both Woods and Davis, and thus was thoroughly familiar with the records of their trials. The facts before us are such that he could have entered a binding plea of guilty for defendant (*State v. Spain,* 193 Kan. 1, 4, 5, 391 P. 2d 1001). The record clearly discloses that defendant knew and understood what he was doing—he voluntarily entered a plea of not guilty, waived a trial by jury, and consented that he be tried by the court on the record of the Woods and Davis trials. No valid reason has been presented, and we know of none, why, under the circumstances, defendant and his counsel could not proceed as they did. . . ." (p. 131.)

The record shows that the defendant herein was fully advised of his rights and waived trial by jury with an understanding of what he was doing. There is no showing that indicates incompetency of the defendant. We are satisfied from our reading of the record that the trial court did ascertain whether defendant understood his position before it approved the conduct of the trial in the manner pursued.

We shall next turn to defendant's contention that the conduct of the trial in this manner was an invasion of defendant's constitutional rights by violating his fundamental right to a fair trial. This contention was also thoroughly discussed and completely answered in our opinion in the Burnett case. There we stated:

"In his fifth and last specification of error defendant contends that the entire proceedings in the lower court constitute an invasion of his constitutional rights

and are contrary to public policy, and that this court should not place its stamp of approval upon such a 'travesty of justice.'

. . . . . . . . . . . . . .

"This contention likewise is without merit and cannot be sustained. Entirely aside from the fact that defendant, in open court, voluntarily stipulated to submit his case on the records of the Woods and Davis trials, it is clear that from a practical standpoint the trial judge did the only proper thing—on the day before defendant's case was to be called he re-read the records of those cases so as to refresh his memory on all details. The trial was not 'held' in defendant's absence. Furthermore, defendant not only raised no objections to the entire procedure followed—he acquiesced in and agreed to it." (p. 132.)

Our research has disclosed a parallel case decided subsequently to our decision in Burnett by the United States Court of Appeals, Ninth Circuit. In *Wilson v. Gray*, 345 F. 2d 282 (1965), a habeas corpus applicant claimed an invasion of his constitutional rights by violating his fundamental right to a fair trial by the action of his court-appointed counsel stipulating in his presence to trial without a jury on the transcript of the preliminary hearing. Gray, the accused, was present in court when his counsel made the waiver but Gray, himself, did not expressly waive as was done by defendant in the instant case. In holding that proceeding to trial before the court without a jury on the stipulation was not a violation of due process the court in *Wilson v. Gray* said:

". . . We agree that the right of an accused to cross examine and confront prosecution witnesses in a state criminal trial is an essential ingredient of a fair trial. As such it is necessarily a right embodied in the due process clause of the Fourteenth Amendment. *Pointer v. State of Texas*, 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923, decided April 5, 1965; Cf. *Willner v. Committee on Character, etc.* 373 U. S. 96, 83 S. Ct. 1175, 10 L. Ed. 2d 224 (1963); see *Brubaker v. Dickson*, 310 F. 2d 30 (9th Cir. 1962). But we do not agree that in all cases the waiver of this right must be made by the accused personally rather than by his counsel. It has been consistently held that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy. E. g., *Diaz v. United States*, 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500 (1912); *Cruzado v. People of Puerto Rico*, 210 F. 2d 789 (1st Cir. 1954); *Fukunaga v. Territory of Hawaii*, 33 F. 2d 396 (9th Cir. 1929); *United States v. Meyers*, 226 F. Supp. 343 (E. D. Pa. 1964). Here, in the presence of appellee and without any objection on his part, his counsel stipulated that the matter be heard on the transcript of the preliminary hearing, each side retaining the right to produce additional evidence at the trial. The record clearly indicates that under the circumstances of the case as they existed at the time of trial, the decision of appellee's counsel to enter the stipulation was both wise and prudent, a decision deliberately made as a matter of trial tactics and strategy. We hold that under the circumstances of this case the

appellee's right to cross examination and confront prosecution witnesses was effectively waived by his counsel. . . ." (pp. 286, 287, 288.)

The two questions heretofore discussed were fully answered by our holding in Burnett. We find no reason presented in this record here or in the briefs of counsel that would give cause to disturb our holding in Burnett.

Lastly, the defendant contends in his supplemental abstract and brief that inadmissible statements were contained in the record in the Woods case and that such statements implicated and incriminated defendant. The statements referred to by defendant were those of Woods and a John Radford Walker, III, who was also a participant in the episode of August 20, 1962. With reference to the statements in question the county attorney on August 25, 1966, stipulated and agreed in writing with the attorney for defendant that no attorney was present to represent Woods or Walker at the time their statements were made to the sheriff.

We have examined the statements of both Woods and Walker and find the statements to show on their face that in each case Woods and Walker were advised as to self-incrimination, right to counsel, right of trial and right to remain silent. Each stated that his statement was given freely and voluntarily without fear and threat or promise. Nonetheless, defendant claims the statements were inadmissible pursuant to the United States Supreme Court's decision on June 13, 1966, in *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. The defendant argues the statements were wrongfully admitted in the Woods and Davis trials and that such error should be applied vicariously to his trial. We deem it unnecessary to consider this contention any further than to say the question is answered by the announcement of the United States Supreme Court on June 20, 1966, in *Johnson v. New Jersey*, 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, that the decision in Miranda could be applied only prospectively; that is, to trials commencing after June 13, 1966. Woods, Davis and this defendant were tried long before the announced effective date of the decision in Miranda. We find this last contention of defendant likewise to be without merit.

The judgment is affirmed.

SCHROEDER, J., dissents.