David Houston KINNELL, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 9532.

United States Court of Appeals Tenth Circuit.

Nov. 1, 1967.

Rehearing Denied Dec. 4, 1967.

Mark H. Adams, II, Wichita, Kan., for appellant.

Jon K. Sargent, Asst. Atty. Gen., (Robert C. Londerholm, Atty. Gen., Topeka, Kan., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant, Kinnell, was convicted in a state court upon a plea of not guilty to kidnapping and forcible rape and is now serving the sentence thereupon imposed. He appeals from an order dismissing his petition for a writ of habeas corpus.

The record shows that after the judgment and sentence Kinnell appealed to the Supreme Court of Kansas, where the conviction was affirmed.[1] Thereafter, he filed a motion in the sentencing court

---

1. State v. Kinnell, 197 Kan. 456, 419 P.2d 870.

under K.S.A. 60–1507, which was denied without an evidentiary hearing and on the basis of the files and records in the case. No appeal was taken from this denial but the petition for a writ of habeas corpus was shortly thereafter filed in the federal trial court which was the inception of this case.[2] The trial court promptly denied the relief sought upon the ground that appellant had not exhausted his available state remedies. Thereafter, that court also denied Kinnell's motion to rehear and reconsider the case. It is of importance, at this point, to note that when the order appealed from was entered Kinnell's time for appeal to the Supreme Court of Kansas from the order of the sentencing court denying the 60–1507 relief had not expired. This fact was pointed out in that order but still the petitioner deliberately refused to appeal to the Supreme Court of Kansas and chose to perfect this appeal.

Appellant's court appointed counsel ably and vigorously presents two points: (1) That the Kansas corrective procedure is not adequate and effective, and (2) that appellant has exhausted his available and effective state remedies. Both of the points may be considered together because if the post conviction remedies provided for by the statutes of Kansas are adequate and effective the record plainly supports the trial court's determination that Kinnell had not exhausted his state remedies.

The pertinent Kansas statute, K.S.A. 60–1507, provides in substance that a state prisoner in custody under sentence may attack his sentence in the sentencing court by motion. The grounds for such an attack are delineated by the statute as "claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, * * *." In pertinent part 60–1507 is nearly identical to 28 U.S.C. § 2255, and seeks to provide a state post conviction remedy of the same nature as the federal post conviction remedy provided for by § 2255.

Appellant first reminds us that Section 8 of the Bill of Rights of the Kansas Constitution prohibits the suspension of the right to the writ of habeas corpus except in case of invasion or rebellion. Further, he argues that the State Legislature, by the enactment of 60–1507, has, in effect, suspended this right by constituting 60–1507 as the only post conviction remedy available to a state prisoner. This same ground has been plowed in the numerous decisions interpreting 28 U.S.C. § 2255 and found wanting for merit.[3] Because of the similarity between 60–1507 and § 2255 and the constitutional background of both we deem these federal decisions controlling here.[4]

The Kansas Supreme Court, after the enactment of 60–1507, promulgated its Rule 121 to implement the statute. Appellant points to a portion of this rule as interpreted in Minor v. State of Kansas, 199 Kan. 189, 428 P.2d 760, and urges that a state prisoner in Kansas is, in effect, denied the right to test the validity of his confinement by habeas corpus. He also contends that the limits placed upon 60–1507 by the rule and by the Minor case make the state post conviction remedy inadequate and ineffective. We have carefully read

2. The record reveals this was the fifth such petition filed in the United States District Court and all were denied because Kinnell had failed to exhaust his available state remedies.

3. Cantu v. Markley, 7th Cir., 353 F.2d 696; Stirone v. Markley, 7th Cir., 345 F.2d 473; Madigan v. Wells, 9th Cir., 224 F.2d 577, cert. denied, 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446; United States v. Anselmi, 3rd Cir., 207 F.2d 312, cert. denied 347 U.S. 902, 74 S.Ct. 430, 98 L.Ed. 1061; Barrett v. Hunter, 10th Cir., 180 F.2d 510, 20 A.L.R.2d 965.

4. Perrin v. State, 196 Kan. 228, 410 P.2d 298.

the Minor case and do not deem it to be inconsistent with 60–1507 or Rule 121, nor can we conclude that under Kansas procedure a state prisoner does not have an adequate and effective post conviction remedy. Appellant apparently puts some stress upon the wording of Rule 121(c) (4) which reads in part, "Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there are exceptional circumstances excusing the failure to appeal." His objection goes to the "exceptional circumstances" part of the quote. This same statement is found in the Minor case. This is consistent with language used in several cases interpreting § 2255[5] and we cannot say that such language makes 60–1507 inadequate or ineffective.

■ It is elementary that neither habeas corpus nor § 2255 may be used as a substitute for direct appeals and may be used to collaterally attack a judgment of conviction only when the constitutional rights of the accused are in issue.[6] The same is certainly true of the Kansas post conviction statute.[7]

■ From a careful reading of appellant's petition filed in the trial court we find nine separate grounds alleged to support the issuance of a writ. Some of these grounds have constitutional proportions. In his direct appeal to the Kansas Supreme Court he raised three points. It may be concluded that some of the nine points raised in this case were passed upon by the Kansas court but it is clear that at least two of his points here, i. e., (1) that he was denied the effective assistance of counsel at his trial, and (2) that he was denied a fair trial because of his race, both points affecting his constitutional rights, were not presented in the direct appeal. In the sentencing court Kinnell raised twelve points and at least six of them had not been passed upon in the direct appeal from the conviction by the Supreme Court of Kansas. He did not appeal from the post trial order entered there and the case is clearly one for the application of the "deliberate by-pass" rule.[8]

Affirmed.

---

5. Campbell v. United States, 7th Cir., 355 F.2d 394; Nash v. United States, 5th Cir., 342 F.2d 366; Desmond v. United States, 1 Cir., 333 F.2d 378, on remand 345 F.2d 225; United States v. Wiggins, D.D.C., 184 F.Supp. 673.

6. E.g., Carrillo v. United States, 10th Cir., 332 F.2d 202.

7. Hanes v. State, 196 Kan. 404, 411 P.2d 643.

8. Langdon v. Patterson, 10th Cir., 376 F. 2d 29; Terry v. Patterson, 10 Cir., 372 F.2d 480.