F I L E D
United States Court of Appeals
Tenth Circuit

MAR 7 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ARTHUR FORTUNE ENGLISH, JR.,

      Petitioner - Appellant,

v.

J. W. BOOKER, Warden; FEDERAL
PRISON CAMP - FLORENCE; UNITED
STATES OF AMERICA,

      Respondents - Appellees.

No. 96-1357

D. Colorado

(D.C. No. 96-D-554)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Arthur Fortune English, Jr., appeals the district court's order dismissing without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court, adopting the magistrate judge's recommendation, dismissed the petition for lack of jurisdiction holding petitioner was required to seek relief under 28 U.S.C. § 2255 in the sentencing court. We affirm.

On August 7, 1995, Mr. English pleaded guilty to wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1342, 1343, and was sentenced in the U.S. District Court for the Northern District of Texas to a term of twenty-seven months imprisonment, three years supervised release, and $1,876.00 in restitution. He is serving the term of imprisonment at the Federal Prison Camp at Florence, Colorado. On March 8, 1996, he brought this action in the U.S. District Court for the District of Colorado,[1] urging the court to dismiss his Texas conviction because the Texas court lacked jurisdiction. He filed another pleading on April 29, restating his original arguments, and seeking "immediate release and to vacate, set aside and dismiss the commitments, judgments and sentences." R. Vol. I at Tab 10.

The magistrate judge first ordered the government to show cause why the petition should not be granted, but upon further review, vacated that order and ordered English to show cause why his petition should not be dismissed for lack of jurisdiction. English

---

[1]English entitled his pleading "1st Amendment Right Petition for Title 28 Section 2241 A Writ of Habeas Corpus under Common Law Demand to Dismiss for Lack of Jurisdiction." R. Vol. I at Tab 1.

filed an interlocutory appeal to this court from the show cause order, and we eventually

dismissed the appeal.  See Appellee's Br. Attachments 1-3.  Subsequently, English filed

various pleadings including "Request to Correct Error by Petitioner," "Request to Take

Judicial Notice," and "Petition for Writ of Mandamus."  The magistrate and district

judges held these pleadings unresponsive to the show cause order.[2]  English then filed

two other pleadings, seeking an evidentiary hearing, default judgment and judicial notice.

He also filed a "Petition Seeking Writ of Certiorari or Writ of Mandamus," which the

district court treated as a timely objection to the magistrate judge's recommendation.  On

July 16, 1996, the district court issued its order adopting the magistrate judge's

recommendation and dismissing English's petition without prejudice.  R. Vol. I at 23.

English filed his notice of appeal July 29, 1996.[3]

We review de novo the district court's denial of English's habeas petition.  See

Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  In his appellate brief, English

---

[2]There is a document in the record on appeal entitled, "Request for Judicial Notice and Response to Order to Show Cause," which states that section 2255 was inadequate because it did not address the issue of "one who is foreign to the jurisdiction of the United States government," and urges the court to treat his application as a common law writ of habeas corpus.  This document does not appear to have been filed with the district court, the magistrate judge does not refer to it in his recommendation, and it is therefore not properly before us on appeal.  Even if it were properly before us, it does not adequately respond to the availability of relief under section 2255.

[3]A certificate of appealability under 28 U.S.C. § 2253 as amended by § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, is not required in this case because English appeals a final order dismissing a § 2241 petition.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

primarily argues that "there was simply no jurisdiction of any type to try defendant in any Federal Court whatsoever." Appellant's Br. at 28. He also cursorily argues that he is entitled to a common law writ of habeas corpus, and "Congress cannot mandate that petitioner cannot proceed with common law Writ of Habeas Corpus but must utilize 28 U.S.C. § 2255 as it violates first amendment rights as well as suspension clause." Id. at 12.

Section 2255 prohibits the district court from entertaining an application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief under section 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also Bradshaw, 86 F.3d at 166. If section 2255 is inadequate or ineffective, then a prisoner may proceed with a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963).

Mr. English attacks the jurisdiction of the sentencing court, the U.S. District Court for the Northern District of Texas, but has not applied to that court for relief from his sentence. Furthermore, nothing in the record leads us to conclude that the remedy under section 2255 is inadequate or ineffective. Construing his pro se appeal liberally as we

must, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Mr. English has failed to meet the requirements of section 2255.

Mr. English's statements that section 2255 is unconstitutional are conclusory and unsupported, and this court is not required to fashion arguments for him. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994). However, Supreme Court and Tenth Circuit decisions have upheld section 2255, and found that it does not infringe a prisoner's right to attack collaterally a conviction. See United States v. Hayman, 342 U.S. 205, 218-19 (1952) (discussing history of section 2255 and finding no indication it intended to impinge prisoners' rights of collateral attack upon their convictions); Kinnell v. Crouse, 384 F.2d 811, 812 (10th Cir. 1967) (citing cases which reject argument that section 2255 impermissibly suspends the writ of habeas corpus). Moreover, the district court dismissed Mr. English's petition without prejudice, and he has every opportunity to pursue his rights before the proper district court.

For the foregoing reasons, and those ably set forth in the magistrate judge's recommendation and district court's order, we AFFIRM the district court's order dismissing without prejudice his petition for writ of habeas corpus under 28 U.S.C. § 2241.[4]

ENTERED FOR THE COURT

---

[4]English's "Motion for Mandatory and Prohibitory Injunction at Common Law," filed November 4, 1996, is denied.

-5-

Stephen H. Anderson
Circuit Judge