Jesse Binga, Defendant in Error, v. Mrs. C. G. Martin, Plaintiff in Error.

### Gen. No. 17,289.

1. VENUE—*when change of, denied.* Change of venue is properly denied in an action of forcible detainer where a petition and motion therefor is presented immediately after continuance is denied on the admission by the opposite party that a certain witness would testify as stated in the affidavit for continuance.

2. FORCIBLE DETAINER—*when verdict properly directed.* In an action in forcible detainer, verdict is properly directed for plaintiff where defendant alleges but fails to establish a verbal agreement by plaintiff that if repairs were not made by a certain time possession might be retained without payment of rent.

Forcible detainer. Error to the Municipal Court of Chicago; the HON. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

W. L. MARTIN, for plaintiff in error.

CHENEY, EVANS & WILSON, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On August 3, 1910, defendant in error commenced an action in forcible detainer in the Municipal Court of Chicago against plaintiff in error for the recovery of the possession of the premises known as 3636 Forest avenue, in the city of Chicago. The action was based upon a five-day notice served upon plaintiff in error demanding ninety dollars claimed to be due for two

months' rent from June 15 to August 15, 1910, for said premises.

When the case was called for trial plaintiff in error moved for a continuance of the case on the ground that one of her witnesses was ill and unable to attend. The motion was supported by affidavit, which affidavit also set forth what the witness would testify if present. Counsel for defendant in error admitted that if the witness were present she would testify as stated in said affidavit. The motion for a continuance was thereupon denied by the court, and during the trial of the case that portion of the affidavit which set forth what the witness would testify if present was read to the jury.

Immediately following the denial of the motion for a continuance, plaintiff in error presented a petition and moved the court for a change of venue. The motion was denied, and counsel for plaintiff in error here assigns as error this ruling of the court. Considering the time when, and the manner in which, this motion was made, we are of the opinion, by reason of the statutory provisions relative to a change of venue in civil cases, that the court's ruling was proper.

At the close of all of the evidence introduced by both parties, the trial court directed the jury to bring in a verdict finding plaintiff in error guilty of unlawfully withholding from defendant in error the possession of the premises described in the complaint, and that the right to said possession was in defendant in error, which was done, and on January 14, 1911, after a motion for a new trial was overruled, judgment for possession was rendered upon said verdict, and for costs, and that a writ of restitution issue. This writ of error is prosecuted to reverse the judgment.

The principal error assigned is that the court erred in directing the jury to bring in the verdict. On the trial, plaintiff in error, as a defense to said action for possession of the premises, relied upon an alleged verbal agreement between the parties whereby, as con-

tended, defendant in error promised at the time of the letting of the premises to make certain repairs thereon, and that if the same were not completed "by May, 1910," plaintiff in error could remain in said premises without paying further rent until such repairs were completed. The making of any such verbal agreement was denied by defendant in error. It was shown on the trial that plaintiff in error had not paid any rent after the instalment for the period from May 15 to June 15, 1910. We are of the opinion that plaintiff in error failed to establish such a verbal agreement with defendant in error as warranted her in retaining possession of said premises without payment of the stipulated monthly rent (White v. Y. M. C. A., 137 Ill. App. 286, 289, aff'd 233 Ill. 526), and that the trial court did not err in directing a verdict. The judgment of the Municipal Court is therefore affirmed.

*Affirmed.*