Alice Juckins, Also Known as Alice Pozen, Appellee, v. Professional Service Corporation, Appellant.

Gen. No. 42,385.

Opinion filed March 10, 1943.

A. Henry Goldstein and Herbert A. Ellis, both of Chicago, for appellant; A. Henry Goldstein, of Chicago, of counsel.

Raymond F. Hayes, of Chicago, for appellee; J. Glenn Shehee and John A. Quigley, both of Chicago, of counsel.

Mr. Presiding Justice Burke delivered the opinion of the court.

On September 24, 1941 Alice Juckins, also known as Alice Pozen, filed a statement of claim in the municipal court of Chicago against the Professional Service Corporation, asking judgment in the sum of $74.33 for wages due for services rendered to defendant as a typist and relief switchboard operator, and for a rea-

sonable sum for attorney's fees. The defendant filed its appearance on October 8, 1941. The record shows that on April 22, 1942 the case was called for trial at 10:00 a. m., that both sides answered "ready"; that the case was again called at 11:30 a. m., when defendant moved for a continuance; that such motion was overruled; that defendant then presented its petition for a change of venue, which was denied; that the case was tried before the court without a jury; and that the court found the issues and entered judgment against the defendant for $64.33, including $15 allowed for plaintiff's attorney's fees. The judgment order found that plaintiff's claim was for wages. Defendant appeals.

, Defendant contends that the court erred in denying its motion for a change of venue. Plaintiff insists that the motion for a change of venue was properly denied. The petition for a change of venue recites that the authorized agent making the petition for the . defendant "fears that defendant will not receive a fair and impartial trial in said court if said cause will be tried before the Honorable THOMAS A. GREEN, one of the judges in said court, because said judge is prejudiced against said defendant so that he cannot expect a fair trial by said judge," and that "said prejudice first came to the knowledge of this defendant on April 22, 1942 at the hour of 11:00 o'clock a. m." When the case was called at 10:00 a. m. both parties answered that they were ready for trial. The case was again called at 11:30 a. m., when the defendant moved for a continuance. On this motion being overruled, the defendant presented a petition for a change of venue, which was overruled. The second paragraph of section 1 of an act to revise the law in relation to change of venue (sec. 1, ch. 146, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 107.316]) provides that a change of venue in any civil suit or proceeding in law or equity may be had where either party shall fear

that he will not receive a fair trial in the court in which the suit or proceeding is pending because the judge is prejudiced against him. Section 3 provides that every application for a change of venue shall be by petition setting forth the cause of the application, and praying a change of venue, which shall be verified by an affidavit by the applicant. Section 5 states that the application may be made to the court in which the case is pending, or to the judge thereof in vacation, reasonable notice thereof having been given to the adverse party or his attorney. Section 6 provides that no application for a change of venue shall be allowed more than 30 days after the return date on which the defendant is required to appear unless the party applying shall have given to the opposite party 10 days previous notice of his intention to make such application, except where the causes have arisen or come to the knowledge of the applicant within less than 10 days before the making of the application. Section 7 states that no change of venue shall be granted more than 30 days after the return day on which the defendant is required to appear unless the party applying shall show that the causes for which the change is asked have arisen or came to his knowledge since the expiration of such 30 days. Our courts of review hold that the provisions for a change of venue should receive a broad and liberal rather than a technical and strict construction, so as not to defeat the right attempted to be attained. Sections 5, 6 and 7 show that the legislature intended to guard against the use of a petition for a change of venue for the purpose of delaying the trial. This is in accordance with the declaration of section 19 of the Bill of Rights (sec. 19, Art. II, Constitution of 1870) that every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation promptly and without delay.

The petition in the instant case states that knowledge of the prejudice of the judge first came to the defendant at 11:00 a. m. on the day the case was called for trial. In *Binga v. Martin*, 174 Ill. App. 217, it appears that when the case was called for trial, defendant moved for a continuance, supporting her motion by an affidavit as to the absence of a witness and what such witness would testify, if present. Counsel for plaintiff admitted that if the witness were present she would testify as stated in the affidavit. The motion for a continuance was then denied. Immediately following this denial, defendant presented a petition praying for a change of venue, which was denied. On appeal, this court said (218):

"Considering the time when, and the manner in which, this motion was made, we are of the opinion, by reason of the statutory provisions relative to a change of venue in civil cases, that the court's ruling was proper."

In *Mockler v. David F. Thomas & Co.*, 273 Ill. App. 121, an opinion by Mr. Justice FRANCIS WILSON, it was held that the trial court erred in denying a motion by plaintiff for a change of venue. The motion was filed on August 1, 1932. In that case the defendant insisted that the petition was filed for a delay. The court said (123):

"From the statement of the [trial] court which was incorporated in the bill of exceptions, it appears that on August 1st counsel for plaintiff requested a continuance, which was denied. No motion, however, to this effect appears in the record nor in the bill of exceptions other than as it appears from the statement of the court."

The reasonable inference is that if the record showed that Mockler, the plaintiff, requested a continuance on August 1, 1932, the action of the court in denying his

subsequent motion for a change of venue would have been sustained. In view of the fact that the record did not show that plaintiff made such a motion, the Appellate Court held that the petition for a change of venue should have been granted, and reversed the judgment, with directions to grant such petition.

The defendant filed its appearance in the instant case on October 8, 1941. The trial of a wage claim should not be unduly delayed. The record does not show why trial was delayed until April 22, 1942. In its brief defendant states that the case was continued several times and was finally set for trial before Judge MASON SULLIVAN for April 22, 1941 in room 1109, city hall; that on that date Judge SULLIVAN was absent and Judge GREEN came from his courtroom to make Judge SULLIVAN's call of cases; that Judge GREEN made the call of cases and set the cause to be heard by himself; that this occurred about 10:00 a. m. on April 22, 1942 and was the first time the defendant learned that Judge GREEN was to hear the case; that defendant immediately prepared and presented a petition for a change of venue; that when the case was called within the hour before Judge GREEN, counsel for defendant suggested that the cause be sent to the chief justice for reassignment to another judge; that Judge GREEN stated: "You are going to go to trial here," and denied the petition for a change of venue. The statements made in defendant's brief are not supported by the record. The record shows that when the case was called for a second time at 11:30 a. m., defendant asked for a continuance. This motion being overruled, the defendant presented its petition for a change of venue. The petition for change of venue states that "such prejudice first came to the knowledge of this defendant on April 22, 1942 at the hour of 11:00 a. m." Hence, the record before us shows that at 11:00 a. m. defendant had knowledge of the alleged prejudice; that at 11:30 a. m. defendant moved for a continuance

and that on denial of that motion defendant presented its petition for a change of venue. If the defendant had asked the court to delay the trial for an hour or some such reasonable period in order to permit the defendant to prepare a petition for a change of venue, the situation might be different. We have disregarded all the statements and arguments not supported by the record. The record before us brings this case within the rule announced in *Binga v. Martin,* 174 Ill. App. 217.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

HEBEL and KILEY, JJ., concur.