William Hassell, Appellee, v. Theodore Backers, Appellant.

**Gen. No. 45,059.**

■■■

 Heard in the third division
of this court for the first district at the February term, 1950. 
 Opinion filed June 30, 1950. Released for publication July 25,
1950.

I. STANLEY PINKETT, of Chicago Heights, for appellant; CHARLES D. SNEWIND, of Chicago, of counsel.

MAURINO R. RICHTON, of Chicago, for appellee; MAURINO R. RICHTON and JOHN A. COOKE, both of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff, a former tenant of defendant, brought an action to recover triple damages and reasonable attorney's fees under the provisions of the Housing and Rent Act of 1947, 50 U. S. C. Ann. sec. 1895. Trial by the court without a jury resulted in a finding and judgment in favor of the plaintiff for the sum of $1,500 damages and $300 attorney's fees. Defendant appeals.

April 13, 1949, plaintiff filed his complaint alleging that he occupied the defendant's premises from June 19, 1948 to February 7, 1949, a period of thirty-five weeks, during which he paid the defendant $700 in weekly payments of $20 each; that the maximum rent established by the Office of Housing Expediter was $15 per month; that the plaintiff paid the defendant the sum of $577.60 in excess of the maximum rent prescribed for the premises occupied; and that plaintiff is entitled to judgment against the defendant in an

amount three times that overcharged him, together with reasonable attorney's fees.

May 21, 1949, defendant filed a notice to quash the summons and dismiss the complaint on grounds that are not material here. May 28th defendant's motion was denied. June 25, 1949, defendant's motion for leave to file a demand for trial by jury was denied, and on the same day he filed an answer. July 16, 1949, an order was entered setting the cause for trial on July 27, 1949. July 23rd plaintiff filed a petition for a change of venue, which was denied.

At the trial plaintiff and four witnesses testified that weekly payments of twenty dollars each were made to defendant for the use and occupancy by plaintiff of defendant's premises for the period alleged in the complaint. No evidence was offered in behalf of defendant.

■ Although defendant urges nine grounds for reversal in his brief, on oral argument before this court he stated he was relying on only two grounds. Defendant's first contention is that the trial court abused its discretion in not permitting him to file a jury demand. Section 64 of the Civil Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 188; Jones Ill. Stats. Ann. 104.064] provides that a defendant desirous of a trial by jury shall make a demand and file the same at the time of filing his appearance; otherwise such party shall be deemed to have waived a jury. The record shows that defendant filed his appearance on April 18, 1949 and that he asked leave to file a jury demand on June 25th, that being the same day on which he filed his answer. In attempting to justify his delay in asking for a jury trial defendant argues that there was no need of a jury until his motion to quash and dismiss was disposed of and the issues were formed by the filing of an answer. In *Stephens v. Kasten,* 383 Ill. 127, where this precise question was presented and the same argument ad-

vanced as here, the court held that a jury demand must be filed at the time of filing an appearance.

■ Defendant's second contention is that the trial court erred in denying his petition for a change of venue. The petition alleges that the prejudice of the trial judge against defendant first came to his knowledge on July 16, 1949. The petition was filed in the office of the clerk on July 23rd and according to the record the case was set for trial on the following Wednesday, July 27th. A petition for change of venue must be made "at the earliest practicable moment." (*Commissioners of Drainage Dist. No. 1 v. Goembel,* 383 Ill. 323.) Although the petition recites that defendant knew of the trial judge's alleged prejudice on Saturday July 16th, the record fails to disclose his reasons, if any, for withholding the filing of a petition until the following Saturday. Under these circumstances we think the court was warranted in denying defendant's petition on the ground that it was not filed in apt time. See *Juckins v. Professional Service Corp.,* 318 Ill. App. 368.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

BURKE and KILEY, JJ., concur.