(No. 36149.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DON BEAMON, Plaintiff in Error.

*Opinion filed May 25, 1962.*

ERNEST B. GOODMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Don Beamon, Lawrence Smallwood and LeRoy Sullivan were indicted jointly for armed robbery in the criminal court of Cook County. Smallwood pleaded guilty. Beamon and Sullivan were tried together, and were found guilty by a jury. Beamon was sentenced to imprisonment for a term of not less than ten years nor more than life, and he brings this writ of error to review his conviction. His sole contention is that the trial court erred in denying his petition for a change of venue.

The defendants were indicted on November 3, 1958. On November 21, 1958, they were arraigned before the chief justice of the criminal court. Prior to that time the public defender had been appointed to represent Beamon. Smallwood and Sullivan were represented by lawyers assigned by the Defense of Prisoners Committee of the Chicago Bar Association. There was a full discussion before the court as to the representation of these two men by bar association attorneys.

The assistant public defender stated to the court that it appeared that Beamon had his own attorney. The attorney in question was sent for, appeared before the court and stated that while he had represented Beamon in the felony court and might in the future file an appearance for him in the pending case, he had no present intention of representing him. The court then advised Beamon that if his family was able to secure private counsel the court would be happy to have the public defender relieved, and Beamon answered that that arrangement was satisfactory to him.

All three defendants pleaded not guilty, and the case was assigned to Hon. Charles S. Dougherty. On November 26, on motion of counsel for Beamon, the case was continued to December 11, 1958, and it was again continued on the motion of counsel for Beamon to January 5, 1959.

When the case was called at about 10:00 A.M. on that date counsel for Beamon answered ready for trial. When

the court inquired whether or not it was to be a jury trial, Beamon himself answered that it was. After a jury had been sent for, Beamon said, "I'd like to have a bar association lawyer." The court stated that since the case was going to trial at once, the request for the appointment of a bar association lawyer came too late.

During the interval while the jurors were being brought to the courtroom, counsel for the defendant Beamon and counsel for Smallwood discussed with the assistant State's Attorney what his recommendation as to penalty would be in the event that they pleaded guilty. Thereafter, about 11:15 A.M., the defendant Beamon filed a petition for a change of venue upon the statutory ground that Judge Dougherty was prejudiced against him and that knowledge of that prejudice first came to him on January 5, 1959. The petition for change of venue was denied.

It has often been held that if a petition for change of venue on account of the prejudice of the judge is in compliance with the statute, (Ill. Rev. Stat. 1959, chap. 146, par. 18) the right of the defendant to a change of venue is absolute, both in criminal and civil cases. (See *People* v. *Rosenbaum,* 299 Ill. 93; *People* v. *Cohen,* 268 Ill. 416; *Lyles* v. *Stanford,* 3 Ill. App. 2d 113.) But it has also been held, both in criminal and in civil cases, that when it is apparent that the request is made only to delay or avoid a trial, its denial does not constitute error. *People* v. *Stewart,* 20 Ill.2d 387; *People* v. *Davis,* 10 Ill.2d 430; *Juckins* v. *Professional Service Corp.* 318 Ill. App. 368; *Binga* v. *Martin,* 174 Ill. App. 217.

This case had for a long time been set for trial before the same judge, and it had been continued at the defendant's request. The motion for change of venue came only after the defendant's belated request for substitution of counsel had been denied, and after he had been informed of the result of the conference between his attorney and the State's

Attorney. We think that under these circumstances the trial judge was fully warranted in concluding that the defendant's purpose was to avoid or delay the trial. The case is governed by *People* v. *Stewart*, 20 Ill.2d 387.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*