(No. 37717.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT CATALANO, Plaintiff in Error.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

Julius Lucius Echeles, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Edward J. Hladis, Elmer C. Kissane, and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

On July 26, 1962, the defendant, Robert Catalano, was tried in the criminal court of Cook County before the court without a jury on two indictments: the first alleging unauthorized control of a stolen automobile, and the second alleging theft of another motor vehicle. He was found guilty on both indictments and sentenced to the Illinois State Penitentiary for concurrent terms of not less than one nor more than five years. He prosecutes this writ of error to review his conviction.

The defendant contends that the trial court erred by denying the defendant a change of venue, refusing to permit the defendant to withdraw a jury waiver, and by refusing to permit the defense counsel to withdraw. Defendant also contends that the evidence was insufficient to sustain the allegations of either indictment.

In order to properly evaluate the first three alleged errors it is necessary that we consider the chronology of events in the trial court leading up to the motions for change of venue, for withdrawal of the jury waiver, and for leave to withdraw by defense counsel.

On May 29, 1962, the defendant was arraigned, entered a plea of not guilty, and the case was assigned to a trial judge. He was represented by an attorney of his own choice on this date and during all subsequent proceedings. On June 29, 1962, the case came up for trial, and the defendant's attorney requested a continuance. Defendant's counsel had not advised the State's Attorney in advance of his intention to request a continuance, and the State asserted that they were ready for trial and that their witnesses were present. At this time, the defendant's counsel entered into a stipulation with regard to the testimony of the owners of the two automobiles in question. In discussing the case defendant's counsel stated, "This will definitely be a bench trial", and the defendant signed a jury waiver. The defendant also moved for a presentence investigation by the probation de-

partment, and on defendant's motion the cause was continued.

On July 26, 1962, this cause came on for trial. At this time the defendant made his motion for a change of venue, which was denied. The following discussion then took place:

"Mr. Caplan: Judge, at this time I would like to ask leave of the Court to withdraw my appearance on behalf of this Defendant.

"The Court: That motion will be denied also. You will have to go to trial, I am afraid.

"Mr. Caplan: Also, the Defendant now tells me that he now wishes a jury trial. He did waive a jury, before. He didn't realize what the consequences were.

"The Court: Your request for a jury trial will be denied, Mr. Caplan. I think the record should reflect that is all brought by your visit to me in chambers this morning.

"Mr. Caplan: No, I have nothing to do with it. I don't want to be in this matter. I don't want to have anything to do with it. I don't want to defend this man.

"The Court: Not less than fifteen minutes ago you came into my chambers and wanted to talk about this case—

"Mr. Caplan: That had nothing to do with it.

"The Court: (continuing)—in the absence of the State's Attorney.

"Mr. Caplan: It had nothing to do with this matter. He comes in here today and tells me he wants a jury. He tells me he doesn't want to enter a plea, and now he has witnesses that aren't here. I told him I didn't want to handle the case. He doesn't want me in it.

"The Court: Your motion—

"Mr. Caplan: In the frame of mind I am in with the Defendant, he told me to get a change of venue and I said, 'I'll get you a change of venue but I will withdraw at the same time'—this is very embarrassing to me. I

don't want anything to do with the matter. I have received a retainer and I am willing to give him back his money. The retainer I received wasn't very much. I am willing to give it back. I can't represent this man in the frame of mind I am in, Judge. I don't think I want anything to do with it.

"The Court: I can't help but feel, Mr. Caplan, you imposed on this Court, by coming into my chambers this morning in the absence of the State's Attorney and desiring to talk about what disposition the Court intended to make with this case if there was a finding of guilty

"Your petition for a change of venue will be denied; your motion for a continuance will be denied.

"Mr. Caplan: Can I withdraw, your Honor?

"The Court: No, you cannot withdraw. You will go to trial, right now."

It is apparent that all of the motions in issue were made by the defendant's counsel only after he had approached the trial judge in chambers, in the absence of the State's Attorney, to discuss the disposition the court intended to make if there would be a finding of guilty. Apparently, after ascertaining the attitude of the judge, defense counsel then made a motion for a change of venue. This being denied he made a motion to withdraw the jury waiver and finally to withdraw as counsel for the defendant.

It has often been said that if a petition for change of venue on account of the prejudice of the judge is in compliance with the statute (Ill. Rev. Stat. 1961, chap. 146, par. 18), the right of the defendant to a change of venue is absolute. However, it has also been held by this court that when it is apparent that the request is made only to delay or avoid a trial its denial does not constitute error. *People* v. *Beamon,* 24 Ill.2d 562.

The law requires a petition for change of venue to be filed at the earliest practical moment. This requirement is designed in part to preclude counsel from first ascertaining

the attitude of the trial judge and then, if the court's judgment is not in harmony with counsel's theory, to assert the prejudice of the court as a ground for allowing a change of venue. The present case is similar to *People* v. *Chambers,* 9 Ill.2d 83, wherein the motion for change of venue was not presented until after the court had heard a motion to suppress evidence, and ruled adversely thereon, prior to the commencement of the trial. In the case of *People* v. *Beamon,* 24 Ill.2d 562, the motion for change of venue was made after the defendant's belated request for substitution of counsel had been denied and after he had been informed of a result of a conference between his attorney and the State's Attorney, the case having been set for trial for some time before the same judge and continued previously at the defendant's request. In both of these cases the trial court denied the motion for change of venue and the rulings were affirmed by this court.

We think that under the circumstances present in this case the court did not err in denying the motion for change of venue.

While a defendant has the right to a trial by jury, once he has voluntarily elected to waive that right he cannot thereafter withdraw his waiver as a matter of right. Whether the accused will be permitted to withdraw the waiver is ordinarily within the discretion of the trial court unless the circumstances indicate that the defendant did not realize the consequences of his jury waiver.

There is authority for the proposition that a trial court should allow a waiver of jury trial to be withdrawn on timely application when such waiver was made by the defendant without advice of counsel and the motion for withdrawal of the waiver was made after employment of counsel. (Anno: 46 A.L.R. 2d 919, 928.) In the present case, however, defendant was represented by counsel of his own choice at all stages of the proceedings and it is presumed that this counsel fully advised him of his rights. The de-

fendant's attorney in the defendant's presence informed the court that this definitely would be a bench trial. The written jury waiver signed by the defendant clearly stated that he agreed to a trial by the court. Further, the court's order of June 29, 1962, recites that the defendant had been advised by the court as to his right to trial by jury and that he waived jury and signed the jury waiver. We think it is clear under these circumstances that the defendant realized the consequences of his jury waiver.

The question of whether a defendant's motion for withdrawal of a jury waiver is timely made is of a two-fold nature. It involves the question of whether such motion may be made after the commencement of the trial and it also involves the question whether such motion, although made prior to the actual commencement of trial, was made at a time when the granting thereof would result in delay of the trial, would impede justice or prejudice the State, or would inconvenience the witnesses. On the first question the authorities are uniform to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. There is considerable discussion in the present case as to whether or not the trial had already "commenced" by the defendant's stipulation to the testimony of the two owners of the automobiles. Even if this motion was made prior to the commencement of trial, there is no question but that it would have delayed the trial, possibly prejudiced the State and inconvenienced the witnesses. The trial had already been continued once on motion of the defendant and the present motion to withdraw the jury waiver was presented for the first time after the defense attorney had discussed with the trial judge the possible sentence on a finding of guilty. Under all the circumstances of this case, what we have said as to timely application for change of venue applies equally as well here. It is our opinion that the trial court did not err in denying the motion to withdraw the jury waiver.

*People* v.. *Palmer,* 27 Ill.2d 311; *People* v. *King,* 30 Ill. App.2d 264.

The motion by an attorney for leave to withdraw for any reason is also addressed to the sound discretion of the court. For that reason, a burden rests with the moving party to prove to the court's satisfaction the legitimcay of the request, or the court may properly deny the motion. (*People* v. *Wolff,* 19 Ill.2d 318; *People* v. *Franklin,* 415 Ill. 514; *People* v. *Dolgin,* 415 Ill. 434.) In the case at bar it is important to note that the defense counsel's oral motion to withdraw was made on the very day of trial after the defendant had stipulated to the testimony of two witnesses, secured a prior continuance of trial, and after the conference between the defense counsel and the judge with regard to sentence. It was also subsequent to the denial of the defendant's motions for change of venue and withdrawal of jury waiver. If granted, an additional continuance would have been required so that defendant could obtain other counsel and to enable the new attorney to prepare for trial. It should also be noted that the record indicates no lack of cooperation between defendant and his attorney subsequent to the denial of the motion to withdraw. Under the circumstances we do not feel that the trial court abused its discretion in denying defense counsel's motion for leave to withdraw.

Defendant's last contention is that he was not proved guilty beyond a reasonable doubt. The gist of his contention appears to be that there is insufficient proof that the two automobiles in the possession of defendant were the same as those referred to in the indictments and stolen from the complaining witnesses.

We have carefully analyzed the record, including the stipulation of counsel relating to the ownership of the automobiles. These stipulations were further strengthened by testimony of admissions of the defendant. From the record we are convinced that the burden of proving the ownership

of the automobiles in the possession of the defendant was sustained and the defendant proved guilty beyond a reasonable doubt. *People* v. *Hawkins,* 27 Ill.2d 339; *People* v. *Hare,* 25 Ill.2d 321.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*