No. 45,278

STATE OF KANSAS, *Appellee,* v. HAROLD BLANTON, *Appellant.*

(453 P. 2d 30)

Opinion filed April 12, 1969.

*Russell Shultz,* of Wichita, argued the cause and was on the brief for the appellant.

*Russell E. Grant,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which the defendant was tried by the court without a jury and found guilty of burglary in the first degree. He appeals from the judgment and sentence, and from the order overruling his motion for a new trial.

The only question raised on appeal is whether the trial court abused the exercise of its power of discretion in denying the defendant's motion to withdraw his waiver of trial by jury.

On the 31st day of August, 1967, prior to the case being called for preliminary hearing on the docket of the Sedgwick County court of common pleas, the regularly employed counsel for Harold Blanton (defendant-appellant) entered into plea negotiations with the deputy county attorney of Sedgwick County.

Negotiations between the appellant's counsel, Russell Shultz, and the deputy county attorney resulted in an agreement whereby the state would dismiss the second count (attempted forcible rape) with which the appellant was charged, and the appellant would waive preliminary hearing and enter a plea of guilty in the district court of Sedgwick County to first degree burglary. The state also agreed to recommend that a parole be granted the appellant. (As to the propriety of such plea negotiation between counsel for the defendant in a criminal action and counsel for the state, see *State v. Byrd,* 203 Kan. 45, 453 P. 2d 22.) A condition imposed by the state prior to its making a recommendation of parole was that the appellant be psychiatrically examined to assure the state the appellant was not a dangerous person. This apparently was accomplished to the satisfaction of the state.

Upon waiver of preliminary hearing pursuant to the agreement, the appellant was bound over to the district court to stand trial and appear at the opening day of the September, 1967, term of court.

On the opening day of the September term of the district court counsel for the appellant requested that he be tried by a jury. The case was assigned to the jury docket of division No. 1 of the district court of Sedgwick County. Upon call of the jury docket for that division on the 16th day of October, 1967, the appellant appeared with his attorney, Mr. Kirby, an associate of Russell Shultz, and waived his right to a trial by jury in open court. In doing so the appellant gave assurances he knew what he was doing by answering questions put to him by the court pertaining to his waiver. Thereupon the case was set for trial to the court on the 14th day of December, 1967. On that date the appellant again appeared with Mr. Kirby, the associate of Mr. Shultz, and it was announced the appellant would plead guilty, but that Mr. Shultz, appellant's counsel, would not be available to the court until the following morning, December 15, 1967. The case was then set for December 15, 1967, when Mr. Shultz appeared with the appellant before the court.

The record discloses Mr. Kirby had some discussion with the trial judge on December 14. On December 15 prior to calling the case for trial, a conference was requested with the court, during which the trial judge stated as a general policy that "persons who plead

or who are convicted of first degree nighttime burglary with other persons in a residence, would not be placed on probation."

Thereupon the appellant entered a plea of not guilty.

When the appellant's case was called for trial, and after the court directed the state to call its first witness, appellant's counsel, Shultz, moved the court for permission to withdraw the appellant's waiver of trial by jury.

The trial court overruled the appellant's motion and the case proceeded to trial before the court without a jury. The state put on its evidence and rested, and the defendant presented no evidence. After brief arguments the court found the appellant guilty of burglary in the first degree. The state had moved to dismiss the attempted forcible rape charge and the motion was sustained by the trial court.

Thereafter the appellant filed a motion for a new trial which was heard by the trial court on the 5th day of January, 1968, and overruled.

While no criminal appeals in Kansas appear to have involved a situation calling for the exercise of the court's discretion to grant an application for a jury trial once waived, courts of other jurisdictions have announced the rules governing such action. The prevailing rule is clearly stated in *People v. Melton,* 125 C. A. 2d Supp. 901, 271 P. 2d 962, 46 A. L. R. 2d 914. The court there said:

"A waiver of trial by jury, voluntarily and regularly made, cannot afterward be withdrawn except in the discretion of the court. (*People v. Colton* (1949), 92 Cal. App. 2d 704, 707 [207 P. 2d 890]; *People v. Cowan* (1940), 38 Cal. App. 2d 144, 149 [100 P. 2d 1079]; *People v. Hooper* (1936), 16 Cal. App. 2d 704, 707 [61 P. 2d 370]; and see 50 C. J. S., *Juries,* § 111 (*b*), pp. 825-826.) In the exercise of the discretion thus vested in it, the court may consider such matters as the timeliness of the motion to withdraw the waiver and whether a delay of the trial or inconvenience to witnesses would result from the granting of such motion.

. . . . . . . . . . . . . . .

"On the other hand, where the request to withdraw the waiver of a jury trial is made sufficiently in advance of trial so as not to interfere with the orderly administration of the business of the court or to result in unnecessary delay or inconvenience to witnesses or to the prejudice of the other party to the action, the court should exercise its discretion to allow the moving party the jury trial he seeks. Certainly, when dealing with a right so fundamental as to be characterized by our Constitution as one which should 'remain inviolate,' the court should only deny the privilege thus accorded a defendant

charged with crime to a trial by his peers where some adverse consequence will flow from his change of mind." (pp. 904, 905.)

Many cases supporting the foregoing rule are cited in the *Melton* opinion and in the A. L. R. citation there indicated.

In the *Melton* case it was held an abuse of discretion on the part of the trial court to deny a motion for a jury trial made through counsel thirteen days before the date set for trial and one week after the defendant, when without counsel, waived a jury, where it appeared the granting of a jury trial would not have prejudiced the prosecution, and that the waiver was induced by the defendant's inability to furnish additional bail which the clerk told him would be required for a jury trial.

In *Floyd v. State*, 90 So. 2d 105 (Fla. 1956), the trial court's order denying the defendant's motion to withdraw a waiver of trial by jury was reversed. There the case was scheduled for trial one week after counsel for the defendant moved to withdraw the waiver. In doing so the court held:

"The fundamental right of a defendant to trial by jury will best be protected if the withdrawal of a waiver to such a trial is refused by a court only when it is not seasonably made in good faith, or is made to obtain a delay, or it appears that some real harm will be done to the state, such as unreasonable delay or interruption of the administration of justice, real inconvenience to the court and the state, or that additional expense to the state will be occasioned thereby." (Syl. ¶ 2.)

In the opinion the court said:

"In the case before us the defendant, while represented by counsel who later withdrew, was arraigned on November 16, 1954 at which time he waived trial by jury. On November 26, 1954 his first counsel filed his notice of withdrawal as counsel for defendant. The case was set for trial on December 14, 1954 on which date defendant and his second counsel appeared, the latter counsel announced that he was representing the defendant and moved to be allowed to withdraw the waiver. The trial court denied the motion, but continued the trial for one week to allow defendant's new counsel to prepare for trial.

"In denying the motion to withdraw the waiver, the court stated that since the defendant was, at the time of arraignment, represented by counsel the waiver of trial by jury would not be set aside. There was nothing to show that the State or the court would be inconvenienced in any way, or that any valid ground, within the rule we have adopted above, existed for denying the motion. It was not shown that justice would have been delayed or impeded. As a matter of fact while the trial started on December 21, 1954 it was never completed in an orderly procedure but was brought to a close by the summary action of the trial court on March 9, 1955.

"We think the denial of the motion to withdraw the waiver was an abuse of discretion under the facts and circumstances of this case." (pp. 106, 107.)

Lest the remark that "additional expense to the state" in Syllabus ¶ 2 of the *Floyd* case above quoted be misconstrued, we hasten to add the state's cost of a jury trial in jurors' fees is not such an expense as may be considered by a court in exercising its discretion to deny a motion to withdraw waiver of a jury trial, since the constitutional guarantee of a jury trial is in no way conditioned on the fact that the state must bear the cost of supplying the jury in a criminal case. (*People v. Melton,* supra; and *Floyd v. State,* supra, Syl. ¶ 3.)

Cases upholding the action of a trial court denying the defendant's motion for withdrawal of his waiver of jury trial made at or after the commencement of trial are: *Scates v. State,* 244 Ark. 333, 424 S. W. 2d 876; *People v. Thomsen,* 239 C. A. 2d 84, 48 Cal. Rptr. 455; *Pearson v. State,* 213 So. 2d 616 (Fla. 1968); *Walter v. State,* 4 Md. App. 373, 243 A. 2d 626; and *The People v. Catalano,* 29 Ill. 2d 197, 193 N. E. 2d 797. These cases disclose prejudice would have resulted to the state for one reason or another had the defendant been permitted to withdraw his waiver.

In the instant case it is to be noted the appellant's motion to withdraw his waiver of a trial by jury was first presented to the trial court after the trial had commenced and the state was directed to call its first witness.

The case of *Scates v. State,* supra, is similar on its facts to the instant case. After the defendants were convicted of burglary, they appealed on the ground the trial court denied their motion to withdraw their waiver of a jury trial. There the defendants sought to have the waiver set aside on the morning of the trial, when it was learned the trial judge would refuse to follow the recommendation of the burglary victim not to prosecute. The appellate court upheld the trial court saying:

"The authorities are uniformly to the effect that a motion for withdrawal of waiver made *after* the commencement of the trial is not timely and should not be allowed. Whether the motion is timely when made *prior* to the actual commencement of the trial, is held to depend upon the facts and circumstances of the individual case. . . ." (p. 879.)

It is the appellant's contention he should have been permitted to withdraw the waiver of his right to trial by jury because he understood a deal had been worked out with the county attorney's office

for a parole. He argues this information was received from his attorney, Mr. Shultz. The record discloses Mr. Shultz argued to the trial court that he was possibly responsible for leading the appellant to believe he was assured a parole as a result of an agreement growing out of plea negotiation. In this connection the record leading up to the trial court's action overruling the motion for a new trial discloses the following:

"THE COURT: Mr. Shultz, I find it difficult to believe with your experience you would assure a defendant of a parole. I can understand if you told him it would be recommended but I doubt if you told him he would be paroled. I don't think I can accept that. I can't believe that.

"MR. SHULTZ: I trust the Court is not suggesting I am telling the Court anything other than what I believe.

"THE COURT: All you have said is you believe he had the impression.

"MR. SHULTZ: All right. But I believe I left the question open. I am afraid that I did not tell him that the arrangements made between myself and Mr. Grant were subject to approval of the Judge. I am afraid I represented it to him as a definite promise of parole. I can't help the fact that I have tried criminal cases before on that standpoint, but nonetheless I do believe that was the position, the condition which I left in his mind. And as I told the Court before—if the responsibility is mine then you may lay it at my feet. That is not the point. The point is the defendant originally had a constitutional right to trial by jury: if through the things I said to him—the advice and counsel I gave to him led him to believe he definitely had a parole—as a matter of fact there was no question in my mind he wouldn't be paroled—not until the 14th day of December.

"THE COURT: In view of this evidence, I find it difficult to believe counsel would expect a parole on a first degree burglary and under these circumstances. It appears to me many of these thoughts are afterthoughts. The reasons now advanced for setting aside the waiver were not advanced prior to this time.

"MR. SHULTZ: May it please the Court. I am certain . . .

"THE COURT: I am making a finding to that effect. I have no recollection of these reasons having been advanced and there is no record of it. It wasn't done in conference to the Court. The only thing said to the Court was this man should be entitled to set aside his waiver of jury trial. But these reasons were not advanced prior to this time. I am inclined to think some of them were afterthoughts and I must so find. We must find the defendant entered into this trial waiver as the record shows—voluntarily and understandingly; that he was giving up his trial by a jury. Actually, that was all he gave up.

"In addition it might be said under the evidence that a jury verdict of anything less than guilty could not have been accepted by this Court. There was no doubt in the evidence. A new trial would serve no purpose. There has been no prejudice shown. The only thing shown is the case might be tried again by another finder of fact but prejudice has not been shown. If it were a case upon which reasonable minds might differ, we might then approach the question of prejudice: But it wasn't.

"So, the motion for new trial must be overruled."

It is settled in Kansas that a defendant in a criminal case may waive his right to trial by a jury in felony cases, capital cases not excepted. The issue was before this court in *State v. Burnett*, 194 Kan. 126, 397 P. 2d 346, where, in commenting on K. S. A. 62-1401 authorizing waiver of a jury trial, it was said:

"The language of this statute is clear, and simply means that a jury may be waived in any criminal trial, including one for felony—provided the defendant, the state, and the trial court, assent to such waiver. No exception is made for a capital case. On the question as to the validity of such statutes see the Annotation in 48 A. L. R. 767, at p. 772." (p. 131.)

The test for determining the validity of a waiver of the right to a jury trial is whether the waiver was voluntarily made by a defendant who knew and understood what he was doing. (*State v. Burnett*, supra.)

The foregoing test has been met in the instant case. At the call of the appellant's case on October 16, 1967, the following appears in the record:

"Mr. Kirby: We would like to waive a jury trial in this case, your Honor.

"The Court: Do you understand you give up your right to a trial by jury? Do you understand that?

"Defendant Blanton: Yes.

"The Court: Do you realize that you are giving up your right to a trial by jury?

"Defendant Blanton: Yes, sir.

"The Court: Is that what you want to do?

"Defendant Blanton: Yes, sir.

"The Court: Does the State have any objections?

"Mr. Grant: No, your Honor.

"The Court: The Court has no objections. This case is set for trial on Thursday, December 14, 1967, at 9:30 a. m."

Again when the appellant took the stand in his own behalf during the presentation of his motion for a new trial, he answered questions by the prosecution indicating that he voluntarily waived a jury trial and knew and understood what he was doing. The record also confirms the consent of the state and the court to the appellant's waiver of a jury trial.

After carefully reviewing the record presented herein and considering all the circumstances, we hold it cannot be said the trial court abused the exercise of its power of discretion in denying the appellant's motion to withdraw his waiver of a jury trial. (See, *The People v. Catalano*, supra.) The motion was made after the case had come on for trial, and had in fact commenced. A jury could

not have been summoned to hear the case before the close of the term of court, thus causing unreasonable delay and prejudice to the state.

It is well known that motions of all types are made at various steps in criminal proceedings for delaying tactics, and the record in the instant case is not entirely void of disclosures in this vein.

The judgment of the lower court is affirmed.

FONTRON, J., concurs in the result.