No. 47,408

STATE OF KANSAS, *Appellee*, RAYMOND LAWRENCE, *Appellant*.

(530 P. 2d 1232)

Opinion filed January 25, 1975.

*Michael D. Wilson*, of Alkire, Clausing, Coldsnow and Wilkinson, of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf*, Assistant District Attorney, argued the cause, and *Vern Miller*, Attorney General, *Keith Sanborn*, District Attorney, and *Stephen M. Joseph*, Assistant District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL J.: In a court trial defendant (Raymond Lawrence) was found guilty of aggravated burglary (K. S. A. 1973 Supp. 21-3716) and aggravated robbery (K. S. A. 1973 Supp. 21-3427).

The defendant's sole point on appeal is whether he should have had the right to a jury trial reinstated after a voluntary waiver of that right before jeopardy attached.

Defendant, who was represented by counsel at all times pertinent, appeared before the Honorable Howard C. Kline, administrative judge of the eighteenth judicial district, on March 15, 1972. Defendant was served with a copy of the information and through his counsel waived arraignment and entered a plea of not guilty. Defendant's case was set for trial on April 3, 1972, when, on call of the docket, he waived a trial by jury personally and through his attorney. Defendant was informed by the court that waiving a jury meant that he would either enter a plea or be tried by a judge.

The defendant responded that he understood. Defendant's case was then set for 9:00 a. m. April 10, 1972.

On April 10, 1972, as scheduled, defendant appeared before the administrative judge when his case was called and requested that he be permitted to withdraw his waiver of a jury trial. The administrative judge denied defendant's request noting that there were no jury panels available on that day. Defendant's case was assigned for trial to the court in division No. 4 on April 12, 1972.

On April 12, 1972, defendant appeared before Judge Riddel in division No. 4 and renewed his request to withdraw his waiver. Defendant's request was denied and the case proceeded to trial before the court. Defendant was convicted and thereafter filed a motion for a new trial asserting as error the court's refusal to permit him to withdraw his waiver of a jury trial. After hearing arguments, the motion was denied by the court and this appeal ensued.

The right of a defendant to withdraw the waiver of a jury trial has been considered by this court in two recent cases. The general rule was announced in *State* v. *Blanton,* 203 Kan. 81, 453 P. 2d 30, wherein we held:

"A waiver of a trial by jury, voluntarily and regularly made by the defendant in a criminal action who knew and understood what he was doing, cannot afterward be withdrawn except in the court's discretion, in the exercise of which the court may consider timeliness of the motion to withdraw and whether a delay of trial or inconvenience to the witnesses would result from granting such motion." (Syl. ¶ 1.)

At a time of the trial in *Blanton* the effective statute concerning waiver of a jury trial was K. S. A. 62-1401, which was repealed and restated in K. S. A. 1973 Supp. 22-3403 (1) in our new Code of Criminal Procedure enacted in 1970.

Subsequent to the adoption of the new Code, the rule announced in *Blanton* was reaffirmed in *State* v. *Pruett,* 213 Kan. 41, 515 P. 2d 1051. The same standard is applied in almost all American jurisdictions. (See 46 A. L. R. 2d, Annotations, p. 919.)

The standard has been adopted by the American Bar Association and published in the Standards for Criminal Justice relating to Trial by Jury, § 1.2(c). The standard reads:

(c) A defendant may not withdraw a voluntary and knowing waiver as a matter of right, but the court, in its discretion, may permit withdrawal prior to the commencement of the trial." (p. 28.) (See, also, Comparative Analysis of American Bar Association Standards for Criminal Justice with Kansas Law, Rules and Legal Practice, p. IX-6.)

In the instant case defendant's counsel was not informed of defendant's change of mind until the docket call on April 10. Since both the state and defendant expected a guilty plea, no witnesses had been subpoenaed and neither party was ready for trial. Under these circumstances, defendant says, the state was not inconvenienced in any manner by his change of mind. The state, on the other hand, points out that on April 3, when defendant's case was first called, seven jury panels had been called to attend the divisions of the court. By reason of waivers of jury trials, and the failure of two defendants to appear, it was necessary to release three of the jury panels, one of which would have been available for defendant's trial had he not waived. Because of these circumstances no juries were available on April 10, when defendant changed his mind. The state says that if defendant's request had been granted on April 10, the court would have been required to alter its jury trial schedule and the administrative judge would have been required to alter future divisional schedules and the summoning of additional jurors might have required. In support of its argument the state has reproduced a certificate of the administrative judge setting out the condition of the court docket and pertinent matters relating to the scheduling of trials. The certificate reads in pertinent part as follows:

"The above noted case was called for arraignment on March 15, 1972, and on said date Michael Wilson, who represented the defendant at the preliminary hearing was re-appointed at the defendant's request to represent him in the District Court. The defendant was served a copy of the Information personally and through his counsel waived arraignment and entered a plea of not guilty. I assigned the case for trial at 9:00 a. m., on Monday, April 3, 1972. Thereafter, on Monday, April 3, 1972, on the call of the trial docket, the defendant appeared personally and by his attorney. At this time the defendant waived trial by jury personally and through his attorney, and requested a bench trial. I accepted said waiver and continued the case for bench trial to 9:00 a. m., on April 10, 1972.

"On April 3, 1972, jury panels had been summoned individually by each of the seven divisions of the District Court, assigned to try civil and criminal jury trials, Divisions 4, 5 and 7 were assigned to try criminal cases and each division summoned jurors for that purpose. Four other divisions of the Court were assigned to try civil cases and each summoned sufficient jurors for that purpose. On Monday, April 3, 1972, eleven criminal cases were set for trial on the criminal trial docket. On the call of the docket one case was continued to April 17, 1972, on motion of the defendant for good cause shown, and on said date, seven defendants waived jury trial including the defendant in this case. Further, that on said day defendants in two cases failed to appear and their bonds were forfeited. That the one remaining case announced for trial

and was tried. In addition, on said day, only three civil cases went to trial because the others assigned settled or were continued. It was therefore necessary to release three jury panels on Monday, April 3, 1972.

"On Monday, April 10, 1972, the defendant requested that he be permitted to withdraw his waiver of jury trial. However, there were no jury panels available on that day."

While the inconvenience to the state may not appear to be of great significance; it is made clear that permitting defendant to withdraw his plea would have caused a delay in his trial. We are aware of the fact that the efficient and prompt administration of justice in a busy district court comprised of nine divisions requires an orderly assignment and scheduling of cases. A week's time elapsed after April 3 during which time defendant might have made known his change of mind. By his own admission defendant waited until thirty minutes before his case was called before he informed his counsel of his decision. In a district court wherein over eleven hundred criminal cases and more than six thousand civil cases are disposed of in a year, if an appreciable number of criminal defendants were permitted, at the last minute, to withdraw a waiver merely because of a change of mind the administration of justice would be seriously disrupted. Defendant makes no complaint, and there is no indication in the record, of any bias or prejudice on the part of either Judge Kline or Judge Riddel, such as that appearing in the record of *State v. Pruett*, supra. Defendant does not offer any excuse or explanation of his tardiness; he merely states that he changed his mind.

We are unable to find that abuse of discretion is shown on the part of either of the two judges who ruled upon defendant's motion.

The judgment is affirmed.