No. 47,849

STATE OF KANSAS, *Appellee*, v. ALFRED R. BURNETT, *Appellant*.

(542 P. 2d 707)

Opinion filed January 24, 1976.

*John E. Pyles*, of Wichita, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, *Keith Sanborn*, district attorney, and *Clifford Bertholf*, assistant district attorney, were on the brief for the appellee.

*Per Curiam:* This appeal stems from a conviction of aggravated robbery.

In the early morning of June 18, 1973, a Wichita Pizza Inn was robbed at gun point by a lone gunman, identified as the defendant by the three employees who were accosted and herded into a walk-in cooler as the robber escaped with some $305 to $310 taken from the safe. The police broadcast a description of the bandit and a short time later Mr. Burnett, who fit the description, was apprehended driving a Volkswagen in the vicinity. Matching clothing and shoes, plus the gun used in the robbery, were found on the defendant's person and about the car. Some $307 was also found, including $100 stuffed in Burnett's sock.

The defendant appeared for arraignment before Judge Howard Kline on August 20, 1973, being accompanied by his counsel. At this time he waived jury trial. His case was placed on the non-jury docket for trial to the court on November 20, 1973.

On the assigned date the case came on for trial before Judge James J. Noone, at which time defendant through his counsel requested jury trial. He also asked that he be given a lie detector test, the results of which he agreed could be admitted in evidence. Both requests were denied.

Defendant's first point goes to insufficiency of the evidence. This point is obviously without merit. Evidence of guilt is not only sufficient to support a guilty finding, it appears overwhelming.

Secondly, Burnett argues the trial court abused its discretion in refusing a jury trial. The record is clear that Burnett voluntarily and understandingly waived trial by jury. In *State v. Blanton*, 203 Kan. 81, 453 P. 2d 30, this court held that a voluntary waiver

by an accused who knew and understood what he was doing cannot be withdrawn except in the court's discretion, in the exercise of which the court may consider the timeliness of the request and whether a delay of trial would result in inconvenience to witnesses. (See, also, *State v. Pruett,* 213 Kan. 41, 515 P. 2d 1051.)

We are well aware of the central assignment system under which the 18th Judicial District of this state manages its large docket under rules approved by this court, and we can appreciate the delay which doubtless would ensue under that system from rescheduling cases from non-jury to jury dockets. We can also understand the inconvenience which would be caused witnesses who were present to testify, should they be required to return at a later date in the event Burnett's untimely request was granted.

However, Mr. Burnett argues the trial court erred in refusing to inquire into the merits of his request and in denying the request on the ground that "this court has no jurisdiction to reverse another district judge." Whether or not this correctly reflects the law, certainly no prejudicial error appears. The defendant gave the trial court no reason whatever for his change of mind. He made no attempt to point out to the trial court, nor has he done so here, how he might be prejudiced by a rejection of his request.

District No. 18 is indeed a busy district, disposing of some seven thousand cases per year. The prompt and efficient administration of justice would be gravely impaired if many of the eleven hundred accused defendants passing through its courts were permitted, at the last minute, to withdraw their waivers simply because they had changed their minds. (*State v. Lawrence,* 216 Kan. 27, 530 P. 2d 1232.)

Defendant's final specification of error attacks the trial court's refusal to order a lie detector test. Although defendant did offer to stipulate that the results of the test, whatever they might be, could be admitted into evidence, the state refused to join the stipulation. The trial court ruled that in the absence of agreement by *both* parties, the results of such a test were inadmissible. This ruling accords not only with this court's decision in *State v. Lowry,* 163 Kan. 622, 185 P. 2d 147, but with the great majority of American jurisdictions. (23 A. L. R. 2d Anno: Evidence-Deception Tests 1306; 53 A. L. R. 3d Anno: Polygraph-Stipulation of Admissibility 1005.)

For the reasons herein stated, the judgment of the trial court is affirmed.